NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000168
31-MAY-2013
10:49 AM**

NOS. CAAP-12-0000168 and CAAP-12-0000454

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


FINANCE FACTORS, LIMITED, a Hawaiʻi corporation,
Plaintiff/Counter-Claim Defendant/Appellee,
vs.
JOAN BIHN,
Defendant/Counter-Claim Plaintiff/Appellant,
and
DEPARTMENT OF TAXATION, STATE OF HAWAIʻI,
Defendant/Appellee,
and
JOHN DOES 1-50, JANE DOES 1-50, DOE ENTITIES,
Defendants/Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0211(2))


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Pro Se Defendant/Counterclaim Plaintiff/Appellant Joan Binh appeals from the following orders and judgment entered in the Circuit Court of the Second Circuit[1] (circuit court):

(1) the February 16, 2012 "Order Denying Defendant Joan Binh's Motion for an Emergency Stay to Vacate, Amend And, Or Modify Order, Pursuant To HRCP 60(b)(1), (3) and (6), Granting

_____

[1]  The Honorable Shackley F. Raffetto presided.

Plaintiff's Motion for Summary Judgment and Interlocutory Decree Of Foreclosure Filed May 26, 2011";

(2) the February 16, 2012 "Order Granting Plaintiff's Motion For Confirmation Of Sale, For Deficiency of Judgment, For Writ Of Possession And Cancellation Of Notice Of Pendency Of Action";

(3) the February 16, 2012 "Judgment"; and

(4) the April 9, 2012 "Order Denying Defendant Binh's Motion for Reconsideration of Judgment And Order Dated January 10, 2012 of Plaintiff Summary Judgment of Defendant's Counterclaim Filed Sept 28, 2010 Pursuant to Rule 59 And Rule 60(b)(3) and (6) of the Hawaii Rules of Civil Procedure." The circuit court found in favor on Plaintiff/Counterclaim Defendant/Appellee Finance Factors, Limited (Finance Factors) in this foreclosure action against Binh.

In this consolidated appeal Binh contends the circuit court erred when it:

(1) violated Title II of the Americans with Disabilities Act (ADA) by failing to provide reasonable accommodations for Binh's severe hearing impairment;

(2) denied Binh's motion for relief from judgment under Hawai'i Rules of Civil Procedure (HRCP) Rule 60(b); and

(3) denied Binh's motion for reconsideration.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Bihn's appeal is without merit.

(1) Binh contends the circuit court abused its discretion by denying her motion for relief from judgment despite

_____

[2] Binh listed a fourth point of error alleging prejudicial actions of the circuit court in her opening brief, but presented no arguments in support of the fourth point of error. Under Hawai'i Rules of Appellate Procedure Rule 28(b)(7), "[p]oints not argued may be deemed waived." Therefore, Binh's fourth point of error is deemed waived.

the failure to provide reasonable accommodations for her severe hearing impairment as required under Title II of the Americans with Disabilities Act (ADA).

Under 42 U.S.C. § 12132 (2012), Title II of the ADA is "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination[.]" In order to establish that the circuit court violated Title II of the ADA, Binh must show that: "(1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities[;] and (3) such exclusion or discrimination was by reason of her disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

Neither party disputes whether Binh is a qualified individual under ADA since Binh was a party litigant that suffers from severe hearing impairment. The issue is whether the accommodations provided by the circuit court were reasonable as to allow Binh to participate equally in the proceedings. In order to prevail on this issue, "[Binh] must show that the accommodations offered by the [circuit court] were not reasonable, and that [s]he was unable to participate equally in the proceedings at issue." Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1137 (9th Cir. 2001).

Federal regulations provide "[a] public entity shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, . . . an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." 28 C.F.R. § 35.160(b)(1) (2011). Binh requested a headset hearing device and the circuit court provided a headset hearing device at each proceeding.

Nothing in the record indicates that Binh was unable to equally participate in the proceedings. At the proceeding held December 7, 2011, Binh claimed she was unable to hear in the previous proceedings which hindered her ability to participate in the hearing. Binh stated the headsets were uncomfortable and the sound was not ideal. However, the transcripts from both the May 4, 2011 and October 5, 2011 hearings show that although Binh expressed some dissatisfaction with the effectiveness of the headset, she actively participated in the proceeding.

Binh fails to show that the accommodation provided by the circuit court prevented her from equally participating in the proceedings. The circuit court did not abuse its discretion in denying Binh's request for relief under HRCP Rule 60(b)(6) for any violations under Title II of the ADA.

(2) Binh contends the circuit court abused its discretion by failing to consider the new evidence submitted in support of her Rule 60(b) motion. Binh presented an audit report performed by a forensic loan expert (Audit Report) in support of her claim that Finance Factors engaged in predatory lending practices.

HRCP Rule 60 provides in part that "(b) . . . the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[.]" In order to warrant relief, newly discovered evidence must meet the following criteria: "(1) it must be previously undiscovered even though due diligence was exercised; (2) it must be admissible and credible; (3) it must be of such a material and controlling nature as will probably change the outcome and not merely cumulative or tending only to impeach or contradict a witness." Kawamata Farms, Inc v. United Agri Products, 86 Hawai'i 214, 251, 948 P.2d 1055, 1092 (1997) (quoting Orso v. City and Cnty. of Honolulu, 56 Haw. 241, 250, 534 P.2d 489, 494 (1975).

4

The Audit Report fails to satisfy the first criterion because it was not undiscovered despite due diligence. The Audit Report analyzes information available in loan documents from 2008. Though the Audit Report provides a more in depth analysis of the language contained within the loan documents, Binh could have sought such an analysis prior to Plaintiff's motion for summary judgment.

In Matsumoto v. Asamura, 5 Haw. App. 628, 632-33, 706 P.2d 1311, 1314 (1985), a party sought relief from a final judgment by submitting results of a medical examination revealing a previously undiagnosed injury as newly discovered evidence. This court held that since the medical examination merely provided confirmation of information that was readily available to the party prior to the conclusion of proceedings, it was not previously discovered even though due diligence was exercised. Matsumoto, 5 Haw. App. at 633, 706 P.2d at 1315. In this case, the audit did not provide.

Furthermore, the circuit court did not err in ruling the Audit Report did not present any outcome determinative evidence. The Audit Report failed to create any genuine issues of material fact as to Binh's allegations of various violations of the Truth in Lending Act and Real Estate Settlement Procedures Act.

(3) In support of her motion for reconsideration, Binh offered the Audit Report presented at the proceedings held January 24, 2012, on her Rule 60(b) motion. "It is well established that the purpose of a motion for reconsideration is to allow the parties to present new evidence or arguments that could not have been presented during the earlier adjudicated motion. . . . [The] motion for reconsideration is not time to relitigate old matters." Ass'n Of Home Owners of Kai Nui Court ex. rel. Bd. of Dir. v. City and Cnty. of Honolulu, 118 Hawai'i 119, 121, 185 P.3d 867, 869 (App. 2008) (internal quotation marks and citations omitted). Binh made the same arguments and

presented the same evidence as she did in her prior Rule 60(b) motion. The circuit court did not err by denying Binh's motion for reconsideration.

Therefore the

(1) February 16, 2012 "Order Denying Defendant Joan Binh's Motion for an Emergency Stay to Vacate, Amend And, Or Modify Order, Pursuant To HRCP 60(b)(1), (3) and (6), Granting Plaintiff's Motion for Summary Judgment and Interlocutory Decree Of Foreclosure Filed May 26, 2011";

(2) February 16, 2012 "Order Granting Plaintiff's Motion For Confirmation Of Sale, For Deficiency of Judgment, For Writ Of Possession And Cancellation Of Notice Of Pendency Of Action";

(3) February 16, 2012 "Judgment"; and

(4) April 9, 2012 "Order Denying Defendant Binh's Motin for Reconsideration of Judgment And Order Dated January 10, 2012 of Plaintiff Summary Judgment of Defendant's Counterclaim Filed Sept 28, 2010 Pursuant to Rule 59 And Rule 60(b)(3) and (6) of the Hawaii Rules of Civil Procedure" entered in the Circuit Court of Second Circuit are affirmed.

DATED: Honolulu, Hawai'i, May 31, 2013.

On the briefs:

Joan Bihn
Defendant/Counter-Claim
Plaintiff/Appellant pro se.

Keith Y. Yamada
Andrew G. Odell
(Cades Schutte)
for Plaintiff/Counter-Claim
Defendant/Appellee Finance
Factors, Limited.

Presiding Judge

Associate Judge

Associate Judge